UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

April 8, 2010

MEMO TO COUNSEL RE: Gregory M. Robertson v. City of Frederick, et al.
Civil No. JFM-08-3375

Dear Counsel:

    I have reviewed the memoranda submitted in connection with the motion for summary judgment filed by the City of Frederick, the Frederick Police Department, and Officer Raymond Bednar. The motion is granted in all respects.

    The reasons for my ruling may be briefly stated. They are as follows:

I. As plaintiff concedes, the Frederick Police Department is not a legal entity subject to suit. Accordingly, counts V, VII, and IX, in which the Frederick Police Department is the only named defendant, are dismissed with prejudice.

II. Under Maryland law a plaintiff does not have a direct cause of action against a municipality for common law torts. *See Martino v. Bell,* 40 F. Supp. 2d 719, 722-23 (D. Md. 1999); *Vincent v. Prince George's County*, 157 F. Supp. 2d 588, 594-95 (D. Md. 2001). Accordingly, counts VI and VIII, in which plaintiff asserts direct common law tort claims against the City of Frederick, are dismissed with prejudice.

III. The record establishes that Officer Bednar had ample basis to investigate whether there was an outstanding arrest warrant for plaintiff. *See generally State v. Tett*, 391 Md. 81, 891 A.2d 1113 (2006). Likewise, given the fact that Bednar knew that plaintiff had been involved in a fight and had been intoxicated when he was hospitalized, it was entirely reasonable for Officer Bednar to place handcuffs upon him while Officer Bednar was asking him questions that would reveal whether there was an outstanding arrest warrant against him. Therefore, Officer Bednar is entitled to summary judgment on counts XI, XII, XIII, and XIV, in which plaintiff asserts claims against him for common law torts, violations of the Maryland Declaration of Rights, and federal constitutional violations. Further, because under Maryland law the City of Frederick's liability for alleged state constitutional violations is derivative to the liability of its employee, the City of Frederick

is entitled to summary judgment as to count X.

    I understand that plaintiff's claim against Kimberly J. Tobin, Tobin's counterclaim against plaintiff and plaintiff's claim against Brian Jensen (as to damages only) remain pending. Accordingly, a scheduling conference will be held on April 21, 2010 at 4:30 p.m. Only counsel for plaintiff and Ms. Tobin need to participate in the conference. I ask counsel for plaintiff to initiate the call.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Very truly yours,

    /s/

    J. Frederick Motz
    United States District Judge